**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**July 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

In re: MICHAEL BURKE,

    Debtor.

--------------------------------

JASON BIONDOLILLO,

    Plaintiff - Appellant,

v.

MICHAEL BURKE,

    Defendant - Appellee.

No. 26-1053
(D.C. No. 1:25-CV-02477-REB)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.
_____

Jason Biondolillo sought to appeal a bankruptcy court order dismissing his

adversary proceeding against debtor Michael Burke to the district court, but the district

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court dismissed the appeal due to his failure to file a proper appendix.  Mr. Biondolillo,

appearing pro se, appeals to this court.  Exercising jurisdiction under 28 U.S.C. §§ 158(d)

and 1291, we affirm the district court's decision.[1]

## I.    BACKGROUND

### A.  *Mr. Biondolillo's Dispute with Mr. Burke*

Mr. Biondolillo was the sole owner of Veteran Roofing LLC ("Veteran").

Mr. Burke was the sole owner of Austin Grady Builders LLC ("Austin Grady").  In 2022,

Austin Grady agreed to purchase from Veteran certain personal property and its roofing

business.  The two men executed a written asset purchase agreement underlying the

transaction in their capacities as managing members of their respective entities.

Austin Grady later defaulted on a $325,000 promissory note it had issued to

Veteran as part of the asset purchase agreement.  Mr. Biondolillo sued Mr. Burke and

Austin Grady in state court.

### B.  *Bankruptcy Court Proceedings*

In April 2024, Mr. Burke filed a Chapter 7 bankruptcy petition and Austin Grady

filed a Chapter 11 bankruptcy petition.  Mr. Biondolillo was an active creditor in both

bankruptcy cases.  In July 2024, the bankruptcy court dismissed Austin Grady's Chapter

11 bankruptcy case for cause and Austin Grady was later dissolved.  Shortly thereafter,

---

[1] Because Mr. Biondolillo appears pro se, "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

the bankruptcy court discharged Mr. Burke's debts under 11 U.S.C. §§ 727, without objection from Mr. Biondolillo.

In April 2025, Mr. Biondolillo initiated this adversary proceeding against Mr. Burke, seeking to revoke Mr. Burke's bankruptcy discharge. Mr. Burke moved to dismiss the adversary proceeding for failure to state a claim for relief. He argued the allegations in Mr. Biondolillo's amended complaint were insufficient to satisfy the requirements of 11 U.S.C. §§ 727(d)(1) or (2). The bankruptcy court granted Mr. Burke's motion, concluding that, "taking the facts alleged in [Mr. Biondolillo's] amended complaint as true," it could not "grant relief under 11 U.S.C. 727(d)(1) and (2)." ROA at 11. Mr. Biondolillo filed a motion and amended motion to alter or amend the judgment and for relief from judgment. The bankruptcy court denied those motions.

## C. *District Court Proceedings*

Mr. Biondolillo, proceeding pro se, appealed to the district court. On December 17, 2025, the district court sent a notice of deficiency to Mr. Biondolillo informing him that the appeal would be dismissed for failure to prosecute unless Mr. Biondolillo filed his opening brief and appendix within 14 days of the notice. Mr. Biondolillo responded by filing an opening brief and an appendix that failed to comply with the district court's local rules.[2]

---

[2] Mr. Biondolillo attached Volumes I and II of his appendix as exhibits to his opening brief. Each volume contained an index, but they did not contain copies of the actual documents listed in the indexes.

On January 6, 2026, the district court issued a second notice of deficiency informing Mr. Biondolillo that the appeal would be dismissed for failure to prosecute unless he "file[d] and serve[d] a compliant appendix within fourteen . . . days from the date of th[e] [n]otice." *Id.* at 25.  On January 20, 2026, Mr. Biondolillo filed another opening brief and another non-compliant appendix.[3]

On January 23, 2026, the district court issued an order dismissing the appeal for failure to prosecute.  The court noted in its order that the dismissal was "subject to [Mr. Biondolillo's] right to cure the deficiency within . . . fourteen . . . days[s]." *Id.* at 61.  Later that same day, Mr. Biondolillo filed a motion to cure deficiency that included as exhibits various documents from the bankruptcy court and district court proceedings.

On January 29, 2026, the district court entered a docket text order denying Mr. Biondolillo's motion to cure.[4]  The court noted in its order that Mr. Biondolillo's motion to cure "d[id] not contain a compliant appendix" because "it [wa]s missing a table of contents and [wa]s not consecutively paginated." *Id.* at 495.  It advised Mr. Biondolillo that to reinstate his appeal, he had to

> file, before the expiration of the 14-day rehearing period . . . , an amended appendix that complie[d] with Fed. R. Bank. P. 8018(c) and L.R. 8018-1 such that the table of contents . . . include[d] the full name of each document contained in the appendix and reference to the appendix page number where the document [wa]s located and . . . must be consecutively paginated in such a

---

[3] Mr. Biondolillo again attached Volumes I and II of his appendix as exhibits to his second opening brief.  Although each volume contained an index, no documents were contained in the volumes.

[4] According to the record, a copy of the order was "sent via U.S. Mail to [Mr. Biondolillo's] mailing address of record."  ROA at 495.

manner that the appendix page numbers [we]re distinguishable from any existing page numbers on the underlying documents.

*Id.* Because Mr. Biondolillo did not respond in any manner to the district court's order, the district court's mandate issued on February 9, 2026.

On February 23, 2026, Mr. Biondolillo filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal. The district court denied that motion.

## II. ANALYSIS

We review a district court's dismissal under its local rules for an abuse of discretion. *See Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998); *see also McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1147 (10th Cir. 2006) ("We review a district court's application of its local rules for abuse of discretion."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[P]ro se parties [must] follow the same rules of procedure that govern other litigants." (quotations omitted)). We review de novo a district court's interpretation of the Bankruptcy Rules. *See In re Gledhill*, 76 F.3d 1070, 1077 (10th Cir. 1996).

Federal Rule of Bankruptcy Procedure 8018 requires the party appealing a bankruptcy court order to "serve and file with its principal brief an appendix containing [specific] excerpts from the record." Fed. R. Bankr. P. 8018(b)(1). It also requires the appendix to be in a specific format. Fed. R. Bankr. P. 8018(c). Similarly, United States Bankruptcy Appellate Panel for the Tenth Circuit Local Rule 8018-1 imposes certain

requirements for all appendices filed in bankruptcy appeals.[5]  Of relevance here, the appendix must include a table of contents that "include[s] the full name of each document contained in the appendix, the bankruptcy court docket number, and reference to the appendix page number where the document is located."  10th Cir. BAP L.R. 8018-1(c).  Further, "[t]he appendix must be consecutively paginated in such a manner that the appendix page numbers are distinguishable from any existing page numbers on the underlying documents."  10th Cir. BAP L.R. 8018-1(d).

The district court concluded, and we agree after examining the record on appeal, that the appendices filed by Mr. Biondolillo all failed to comply with these rules.  For example, the first two appendices listed a number of documents, but failed to include copies of any of those documents and were not consecutively paginated.  The third appendix included copies of documents from the bankruptcy proceeding, but failed to include a table of contents.  The documents were not consecutively paginated such that the appendix page numbers were distinguishable from any existing page numbers on the bankruptcy court documents.

Mr. Biondolillo argues that the district court abused its discretion in dismissing his appeal because (a) the identified deficiencies were "technical and curable," (b) he "made good-faith efforts to comply," (c) the district court failed to consider and apply the factors

---

[5] The United States District Court for the District of Colorado has adopted the United States Bankruptcy Appellate Panel of the Tenth Circuit Local Rules for purposes of all appeals from orders of the United States Bankruptcy Court for the District of Colorado.  D.C. Colo. LAPR 16.2(a).

outlined in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and (d) the district court did not reach the merits of his case, which is "contrary to the Tenth Circuit's strong preference for resolving cases on their merits." Aplt. Br. at 4.

Although "our legal system strongly prefers to decide cases on their merits," *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011), and although Mr. Biondolillo identified deficiencies that were technical and curable and appears to have made good-faith efforts to correct them, he does not explain why he failed to respond to the district court's January 29, 2026 order permitting him additional time to file a compliant appendix. According to the record, Mr. Biondolillo took no action in response to that order and instead chose to file a notice of appeal. In light of that failure, we are unable to conclude that the district court abused its discretion in dismissing the appeal.

Finally, we conclude the district court did not err in failing to consider the *Ehrenhaus* factors because those factors apply only in circumstances when a district court is sanctioning a party for intentional misconduct. *See* 965 F.2d at 918, 920-21. Here, the district court did not sanction Mr. Biondolillo for misconduct but instead dismissed the case after he failed to cure the deficiencies in the appendices. The district court also afforded him an opportunity to reinstate his appeal by filing a compliant appendix, but Mr. Biondolillo failed to respond to that offer of reinstatement.

### III.  CONCLUSION

We affirm the district court's judgment and grant Mr. Biondolillo's motion to proceed on appeal *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge